IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RIP MANAGEMENT GROUP CORP., | : |
| Plaintiff, | : |
| v. | : No.: 3:11-cv-00083-KRG |
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | : |
| Defendant and Third-Party Plaintiff, | : |
| v. | : |
| THE FRANK GATES SERVICE COMPANY, FRONTIER ADJUSTERS, INC. and RALPH MASON d/b/a FRONTIER ADJUSTERS d/b/a FRONTIER ADJUSTERS OF BUTLER/KITTANNING, | : |
| Third-Party Defendants. | : |

## MOTION FOR PROTECTIVE ORDER GOVERNING DEPOSITION OF RIP

AND NOW, comes Plaintiff, RIP Management Group Corp. ("RIP"), by and through its counsel, Reed Smith, LLP, and hereby respectfully requests that this Honorable Court grant this Motion for Protective Order Governing the Deposition of RIP, and in support thereof respectfully represents that:

1. This case involves a loss caused by a fire at a hotel owned by RIP for which Defendant Discover Property & Casualty Insurance Company ("Discover") provided insurance coverage under a policy of first-party property insurance providing, inter alia, coverage for physical loss and damage and business interruption losses.

2. As one of its affirmative defenses, Discover alleges that RIP failed to mitigate its damages.

3. On December 20, 2012, Discover filed a Notice of Videotape Deposition of Plaintiff RIP Management Group Corp. Pursuant to Fed.R.Civ.P. 30(b)(6). A copy of the Notice is attached as Exhibit "A."

4. In the Notice, Discover identified the following as a deposition topic:

> All facts and information relating to the corporate structure and ownership of RIP, the of origin of RIP and the day-to-day operations, management and finances of RIP and all other businesses and ventures affiliated with RIP, M.J. Tarar and any of his family members.

5. The Deposition is scheduled for Friday, January 18, 2013 at 9:00 a.m. in Pittsburgh, Pennsylvania.

6. Discover also previously served Interrogatories on RIP, including Interrogatory No. 6, which stated:

> 6. List and describe in detail, and provide all documents relating to, all businesses or any other ventures that you, M.J. Tarar and any of his family members have been or currently are affiliated with in any way from 2003 to the present.

Exhibit B, attached hereto, at page 14.

7. RIP, in responding to Discover's Interrogatory No. 6, objected on various grounds, including the ground that the information requested was not relevant to any claim by RIP or defense to any of its claims, but did provide, subject to those objections, certain information regarding Mr. Tarar's and his family's business interests. *See* Exhibit B at page 14-15.

8. Discover disputed RIP's objections to Interrogatory No. 6 and, in connection with that dispute, Discover's counsel sent RIP's counsel an e-mail confirming that the information sought in Interrogatory No. 6, which parallels that sought by Topic 1 of the Fed.R.Civ.P.

30(b)(6) notice was directed at Discover's alleged mitigation of damages defense. *See* Exhibit C, attached hereto.

9. The insurance policy issued by Discover is a contract between RIP and Discover only. There are no other parties to the contract.

10. RIP is a corporation.

11. Any information relating to the business or financial activities of Mr. Tarar, any member of his family, or any businesses or ventures affiliated with Mr. Tarar, or any member of his family is not relevant to Discover's defense of failure by RIP to mitigate damages or any other claim or defense in this action.

12. Mr. Tarar is the principal shareholder and President of the corporate plaintiff, RIP.

13. RIP is a separate and distinct legal entity from its principal shareholder and President, Mr. Tarar, and a separate legal entity from any member of Mr. Tarar's family.

14. Mr. Tarar and his family members do not owe any obligation to RIP to provide financial support.

15. Mr. Tarar and members of his family are, in fact, engaged in and affiliated with other businesses and ventures.

16. RIP is a separate legal entity from each business and venture affiliated with RIP, Mr. Tarar or any member of Mr. Tarar's family.

17. These other businesses and ventures of Mr. Tarar and his family members owe no obligation to RIP to provide financial support.

18. Mr. Tarar, his family members, and all of their businesses or ventures, other than RIP, have no contractual relationship whatsoever with Discover.

19. Mr. Tarar, his family members, and all of their businesses or ventures, other than RIP, owe no legal obligations whatsoever to Discover with respect to the fire losses suffered by RIP for which Discover provided insurance coverage.

20. Nevertheless, Discover seeks to discover information relating to non-RIP businesses and ventures of Mr. Tarar and his family members in this action in pursuit of its mitigation of damages defense against RIP.

21. RIP respectfully requests that this Court enter a Protective Order prohibiting any inquiry at the Fed.R.Civ.P. 30(b)(6) deposition of RIP into the following topics insofar as they do not relate to interactions with RIP:

   (a) Information relating to the business and financial activities of M.J. Tarar;

   (b) Information relating to the business and financial activities of members of M.J. Tarar's family;

   (c) Information relating to the business and financial activities of any businesses or ventures owed by or affiliated with M.J. Tarar or members of M.J. Tarar's family.

22. None of the information sought by Discover in its Fed.R.Civ.P. 30(b)(6) deposition notice as to which a Protective Order is sought is relevant to the mitigation of damages by RIP.

23. RIP believes that the requested Protective Order is necessary to adequately protect the interests of RIP, Mr. Tarar, members of Mr. Tarar's family, and any businesses or ventures affiliated with Mr. Tarar, or members of Mr. Tarar's family, while still protecting the interest of the Court and the public in open proceedings and still permitting Discover to obtain all of the properly discoverable information relevant to its affirmative defense of failure to mitigate damages.

WHEREFORE, Plaintiff, RIP Management Group Corp., respectfully requests that this Honorable Court grant this Motion for Protective Order Governing the Deposition of RIP.

Dated: January 11, 2013                    Respectfully submitted:

                                           REED SMITH LLP
                                           */s/ Robert H. Owen*
                                           Robert H. Owen
                                           225 Fifth Avenue
                                           Pittsburgh, PA 15212
                                           (412) 288-3131
                                           rowen@reedsmith.com

                                           Douglas R. Widin
                                           Jay M. Levin
                                           2500 One Liberty Place
                                           1650 Market Street
                                           Philadelphia, PA 19103
                                           (215) 851-8100
                                           dwidin@reedsmith.com
                                           jmlevin@reedsmith.com

                                           *Counsel for Plaintiff RIP Management Group Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Motion for Protective Order this 14th day of January, 2013 to be served electronically via the Court's ECF system upon the following counsel of record:

> Patrick M. Connelly, Esquire
> Summers McDonnell Hudock Guthrie & Skeel
> Gulf Tower, Suite 2400
> 707 Grant Street
> Pittsburgh, PA 15219
> pconnelly@summersmcdonnell.com
> Counsel for Frank Gates Service Co.
>
> Henry M. Sneath, Esquire
> Joseph R. Carnicella, Esquire
> Picadio Sneath Miller & Norton, P.C
> Four Gateway Center
> 444 Liberty Avenue, Suite 1105
> Pittsburgh, PA 15222
> hsneath@psmn.com
> jcarnicella@psmn.com
> Counsel for Discover Property & Casualty Ins. Co.
>
> John B. Cromer, Esquire
> Katherine M. Wrenshall, Esquire
> Burns White LLC
> Four Northshore Center
> 106 Isabella Street
> Pittsburgh, PA 15212
> jbcromer@burnswhite.com
> kmwrenshall@burnswhite.com
> Counsel for Frontier Adjusters

                                      REED SMITH LLP

                                      By: /s/ Robert H. Owen
                                           Robert H. Owen