# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT (JOHNSTOWN)
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RIP MANAGEMENT GROUP CORP.,

Plaintiff,

v.

DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY,

Defendant and Third-Party Plaintiff

v.

THE FRANK GATES SERVICE COMPANY, FRONTIER ADJUSTERS, INC. and RALPH MASON d/b/a FRONTIER ADJUSTERS d/b/a FRONTIER ADJUSTERS OF BUTLER/KITTANNING,

Third-Party Defendants.

CIVIL ACTION NO. 3:11-cv-83

The Honorable Kim R. Gibson

**NOTICE OF VIDEOTAPE DEPOSITION OF PLAINTIFF RIP MANAGEMENT GROUP CORP. PURSUANT TO FED. R. CIV. P. 30(b)(6)**

To All Counsel of Record:

NOTICE IS HEREBY GIVEN that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Discover Property & Casualty Insurance Company ("Discover"), by and through its undersigned counsel, will take the videotaped and oral deposition upon examination of Plaintiff RIP Management Group Corp. ("RIP"), by one or more officers, directors or managing agents, or other persons designated to testify on its behalf, with respect to the topics identified in Attachment A. The deposition will take place at the offices of Picadio Sneath Miller & Norton, P.C., 444 Liberty Avenue, Suite 1105, Pittsburgh, PA 15222, commencing at **9:00 a.m.** on **Friday, January 18, 2013**.

The purpose of this deposition is for discovery, examination, cross-examination, use at trial, and any other purpose allowed by law. The deposition will be stenographically transcribed and videotaped. The scope and purpose of this deposition will consist of examination on the subject matter of this case, including, but not limited to, the subjects delineated in Attachment A to this Notice. You are invited to attend and examine the witness.

As required by Rule 30(b)(6), RIP shall designate one or more of its employees, officers, directors, managing agents, or representatives to testify on RIP's behalf, and to identify for each such person the matters set forth in Attachment A on which that person will testify, and to cause each such person to inform himself or herself on the identified matter as to what information is known or reasonably available to RIP as required by Rule 30(b)(6).

Respectfully submitted,

PICADIO SNEATH MILLER & NORTON

Henry M. Sneath, Esquire
Joseph R. Carnicella, Esquire
Four Gateway Center
444 Liberty Avenue, Suite 1105
Pittsburgh, PA 15222
(412) 288-4000
*Counsel for Defendant*

## ATTACHMENT A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Discover Property & Casualty Insurance Company ("Discover"), by and through its undersigned counsel, hereby requests that Plaintiff RIP Management Group Corp. ("RIP") through its designated corporate representative(s), appear and testify with respect to the designated topics below.

To the extent that a topic set forth in this notice cannot be responded to fully, Discover requests that it be satisfied to the fullest extent possible with reasons provided for not responding more fully, including, but not limited to, a privilege log, if necessary. To the extent that RIP intends to supplement its document production in response to the deposition topics in this Notice, RIP shall produce those documents to Picadio Sneath Miller & Norton, P.C. on or before **Friday, January 4, 2013**.

## DEFINITIONS

1. For each topic identified below, please be prepared to provide the facts and circumstances surrounding the topic, the relevant dates for the topic, the persons involved with the topic, the persons with knowledge of the topic, and all documents relating to the topic.

2. The terms "Plaintiff," "RIP," "you," and "your" shall refer to and mean Plaintiff RIP Management Group Corp. and its officers, directors, agents, servants, employees, partners, associates, management personnel, supervisors, permanent and temporary personnel, representatives, parent companies, subsidiaries, predecessors, designees, assignees, affiliated corporations, operating divisions and/or any other person representing or purporting to represent RIP in any capacity, including RIP's attorneys.

3. The terms "Discover" and "Defendant" shall refer to and mean Defendant Discover Property & Casualty Insurance Company.

4. The terms "Frank Gates" and "Third-Party Defendant Frank Gates" shall refer to and mean Third-Party Defendant The Frank Gates Service Company.

5. The terms "Ralph Mason" and "Third-Party Defendant Mason" shall refer to and mean Third-Party Defendant Ralph Mason d/b/a Frontier Adjusters d/b/a Frontier Adjusters of Butler/Kittanning.

6. The terms "Frontier" or "Third-Party Defendant Frontier" shall refer to and mean Third-Party Defendant Frontier Adjusters, Inc.

7. The terms "Policy" and "Insurance Policy" shall refer to and mean Policy No. D245P00799 issued to RIP by Discover.

8. The terms "Fire" and "Incident" shall refer to and mean the fire that occurred on January 23, 2007, at the Quality Inn and Conference Center in Dubois, Pennsylvania.

9. The term "Property" shall refer to and mean the hotel property that is located in Dubois, Pennsylvania, where the fire occurred that is the subject of this lawsuit.

10. The term "correspondence" means letters, memoranda, emails, and notes of telephone calls, whether maintained electronically, in paper form, or otherwise.

11. The terms "person" or "persons" shall refer not only to natural persons, but also, without limitation, firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, public entities, parent companies, subsidiaries, divisions, departments or other units thereof, and/or any other type of legal entities.

12. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

13. The term "document" is defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

14. The terms "regarding," "respecting," and "concerning" mean with regard to, associated with, connected to, or related to, whether directly or indirectly. These terms include alluding to, responding to, connected with, pertaining to, commenting on, discussing, describing, and evidencing.

15. The terms "referring to" or "relating to" mean constituting, compromising, containing, setting forth, showing, disclosing, describing, explaining, analyzing, summarizing, mentioning, concerning and/or referring to, directly or indirectly.

16. "All" includes the word "any" and vice versa.

17. The word "and" includes the word "or" and vice versa.

## INSTRUCTIONS

1. You are also to make yourself available for the purpose of giving testimony at a deposition about each of the subjects identified below under the heading "Deposition Topics."

## DEPOSITION TOPICS

1. All facts and information relating to the corporate structure and ownership of RIP, the origin of RIP and the day-to-day operations, management and finances of RIP and all other businesses and ventures affiliated with RIP, M. J. Tarar and any of his family members.

2. All facts and information relating to the allegations set forth in the Complaint filed in this action.

3. All facts and information relating to RIP's Answers to Interrogatories and Responses to Requests for Production of Documents in this action.

4. All facts and information relating to the documents produced by or on behalf of RIP in this action.

5. All facts and information relating to Insurance Policy Nos. D188P00187, D245P00087, D245P00404 and D245P00799 issued by Discover to RIP.

6. All facts and information relating to the underwriting files and information contained therein for Policy Nos. D188P00187, D245P00087, D245P00404 and D245P00799 issued by Discover to RIP.

7. All facts and information relating to the ownership and management of the Property.

8. All facts and information relating to the value and financial condition of the Property, including the finances and financial records of RIP both before and after the Fire.

9. All facts and information relating to the physical condition of the Property before, during and after the Fire.

10. All facts and information relating to the franchise history of the Property before, during and after the Fire.

11. All facts and information relating to the cause and origin of the Fire, the alleged damage to the Property, and the nature of the repairs discussed and/or recommended by or on behalf of RIP as part of the insurance claim made by RIP to Discover.

12. All facts and information relating to the adjustment of the insurance claim by or on behalf of RIP.

13. All facts and information relating to the adjustment of the insurance claim by or on behalf of any other party or third-party.

14. All facts and information relating to the appraisal process for the insurance claim made by RIP to Discover.

15. All facts and information relating to the alleged state of disrepair of the Property following the Fire.

16. All facts and information relating to RIP's attempts to mitigate its damages, if any, including any attempts made by or on behalf of RIP to obtain financial assistance from a person, bank or other financial or business institution in an effort to begin repairing the Property following the Fire.

17. All facts and information relating to any aspect of the amount of property, business interruption or any other loss or expense of any kind allegedly incurred by RIP as a result of the Fire.

18. All facts and information relating to the damages allegedly sustained by RIP as a result of the Fire and that have been or will be included in this litigation.

19. All facts and information relating to what has been done with the insurance proceeds paid to RIP as a result of the Fire and insurance claim generally, and specifically, whether any of the proceeds have been spent on repairs of the subject Property.

20. All facts and information relating to the complaint that was filed by RIP with the Insurance Department of the Commonwealth of Pennsylvania and the subsequent proceedings related thereto.

21. All facts and information relating to the hotel's sewage treatment plant and the Department of Environmental Protection's denial of the NPDES permit.

**DOCUMENT REQUESTS**

1. All documents and things relating to the Topics above not yet produced in this action.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of **NOTICE OF VIDEOTAPE DEPOSITION OF RIP PURSUANT TO FED. R. CIV. P. 30(b)(6)** was served via U.S. Regular Mail this 20th day of December, 2012, to counsel of record below:

Douglas R. Widin, Esquire
Jay M. Levin, Esquire
Reed Smith LLP
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
dwidin@reedsmith.com
jmlevin@reedsmith.com

Robert H. Owen, Esquire
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA 15222
rowen@reedsmith.com

*Counsel for Plaintiff*
*RIP Management Group Corp.*

Patrick M. Connelly, Esquire
Summers, McDonnell, Hudock, Guthrie & Skeel, P.C.
The Gulf Tower, Suite 2400
707 Grant Street
Pittsburgh, PA 15219
pconnelly@summersmcdonnell.com

*Counsel for Third-Party Defendant*
*The Frank Gates Service Company*

John B. Cromer, Esquire
Katherine M. Wrenshall, Esquire
Burns White LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
jbcromer@burnswhite.com

*Counsel for Third-Party Defendants*
*Frontier Adjusters, Inc. and*
*Ralph Mason d/b/a Frontier Adjusters d/b/a*
*Frontier Adjusters of Butler/Kittanning*

PICADIO SNEATH MILLER & NORTON, P.C.

Henry M. Sneath, Esquire
Joseph R. Carnicella, Esquire