# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RIP MANAGEMENT GROUP CORP.,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO. 3:11-cv-0000083** |
| **v.** | : | |
| | : | |
| **DISCOVER PROPERTY & CASUALTY** | : | **JURY TRIAL** |
| **INSURANCE COMPANY,** | : | **DEMANDED** |
| | : | |
| **Defendant and** | : | **Hon. Kim R. Gibson** |
| **Third-Party Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **THE FRANK GATES SERVICE** | : | |
| **COMPANY, FRONTIER ADJUSTERS,** | : | |
| **INC., and RALPH MASON d/b/a** | : | |
| **FRONTIER ADJUSTERS d/b/a FRONTIER** | : | |
| **ADJUSTERS OF BUTLER/KITTANNING** | : | |
| | : | |
| **Third-Party Defendants.** | : | |

## PLAINTIFF RIP MANAGEMENT GROUP CORP.'S
## ANSWERS AND OBJECTIONS TO DEFENDANT DISCOVER
## PROPERTY & CASUALTY INSURANCE COMPANY'S
## FIRST SET OF INTERROGATORIES

Plaintiff RIP Management Group Corp. ("RIP"), pursuant to Rules 26 and 33 of the

Federal Rules of Civil Procedure, and the Local Civil Rules of the United States District Court

for the Western District of Pennsylvania, serves the following Answers and Objections to

Defendant Discover Property & Casualty Insurance Company's ("Discover") First Set of

Interrogatories.

## GENERAL OBJECTIONS

RIP makes the following Objections to each and every Interrogatory contained in

Discover's First Set of Interrogatories:

1.     RIP objects to the Interrogatories to the extent that they seek to impose an obligation to respond that is different from or greater than what is required by the Federal Rules of Civil Procedure, Local Civil Rules of the United States District Court for the Western District of Pennsylvania, and any applicable Order of Court.  RIP's responses are governed by the applicable Rules and Order(s) only.

2.     RIP objects to the "Definitions and Instructions" set forth in Discover's First Set of Interrogatories as set forth in detail herein.

3.     RIP objects to the "Definitions and Instructions" for the terms "Plaintiff," "RIP," "you," and "your," to the extent that they are vague, ambiguous, overbroad, or involve unaffiliated third parties that are not specifically identified with any reasonable degree of clarity.  Consistent with Paragraphs 2-5 of the "Definitions and Instructions," unless otherwise noted, the terms "Plaintiff," "RIP," "you," and "your," shall be used herein to refer to Plaintiff RIP Management Group Corp.

4.     RIP objects to the Interrogatories to the extent that they apparently incorporate requests for production of documents.

5.     RIP objects to the Interrogatories to the extent that the "Definitions and Instructions" for the terms "identification of a person," "identification of a document," and "identify" are overly broad and unduly burdensome, including the request for information that is not required by the applicable Rules and Order(s).

6.     RIP objects to the Interrogatories to the extent they request the provision of Bates numbers for documents referred to, which is not required by the applicable Rules and Order(s).

7.     RIP objects to Discover's Interrogatories to the extent they are unreasonably duplicative of discovery already conducted in connection with this action, including by non-parties in response to the subpoenas, and/or of questions asked during the investigation of the insurance claim including the Examination Under Oath of Javaid M. Tarar taken by Discover's counsel on March 13, 2008.

8.      RIP objects to each Interrogatory calling for RIP to "describe in detail" or provide "all" document(s), information, or communication(s) or other similar such language, on the grounds that it is overly broad and unduly burdensome and seeks information and documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, RIP objects that such requests are an improper attempt to limit the evidence to RIP's response to a particular Interrogatory.  Subject to and without waiving its General and Specific Objections, RIP will use reasonable diligence to locate responsive documents and information.

9.      RIP provides these Answers based on information reasonably available to it at this time, recognizing that its investigation is continuing and discovery is ongoing.  Moreover, RIP's Answers are based on information that its principal Mr. Tarar is able to recall.  RIP reserves the right to amend, modify or supplement any General and Specific Objections and/or Answers to each of these Interrogatories pursuant to Fed. R. Civ. P. 26(e).

10.     RIP objects to the Interrogatories to the extent that they seek information that is not relevant or that is not relevant to any claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

11.     RIP objects to the Interrogatories to the extent that they are vague, ambiguous, misleading, argumentative, overly broad, unduly burdensome, unduly expensive, unreasonably cumulative and/or duplicative.

12.     RIP objects to the Interrogatories to the extent that they seek information that is in the public domain and/or equally available and accessible to Defendant Discover.

13.     RIP objects to providing any information that is in the possession, custody or control of third parties that may more reasonably be obtained from them.

14.     RIP objects to the Interrogatories to the extent that they seek information that is in the possession, custody or control of Defendant Discover.

15.     RIP objects to the Interrogatories to the extent that they seek information protected from discovery under the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or immunity.  RIP does not intend to disclose any such privileged or

protected information, and inadvertent disclosure is not intended to constitute a waiver of any privilege or protection, or of any other ground for objecting.  As used by RIP in these Answers, the word "non-privileged" shall mean not subject to any recognized legal privilege and not subject to the protections of the work product doctrine.

16.    RIP's responses to the Interrogatories are not intended to waive RIP's right to challenge the relevance, materiality, or admissibility of the information that is sought or to object to the use of the information at trial or at any other proceeding related to this action.

17.    RIP objects to Discover's Interrogatories to the extent they call for information or documents, including electronically stored information, which was formerly in the possession of RIP but was destroyed or lost as a result of the fire on January 23, 2007, including the firefighting efforts, or the subsequent theft that took place at the Dubois Quality Inn and Conference Center ("Quality Inn").  In those instances, RIP does not have possession, custody, or control of those documents or information, so cannot and is not required under Federal Rules of Civil Procedure to produce those documents and information.  Further, that electronically stored information that was formerly in its possession, custody, and control is no longer available or reasonably accessible as a result of having been lost or destroyed in the fire or stolen after the fire.

Subject to and without waiving any of the foregoing Objections, and subject to and without waiving the terms and conditions contained in the Protective Order Governing Discovery and other orders entered in this action, RIP responds to Discover's First Set of Interrogatories as follows:

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1.    With respect to the complaint and action that was filed with the Insurance Department of the Commonwealth of Pennsylvania by or on behalf of RIP against Discover, describe in detail, and provide all documents relating to, the reasons for initiating and pursuing the action, the interactions that you or someone on your behalf had with any representative from the Insurance Department regarding the action, the interactions that you or someone on your behalf had with anyone else regarding the action, and the outcome of the action.

### ANSWER:

In addition to the foregoing General Objections, RIP objects that this Interrogatory is overly broad, fails to request the information and documents sought with reasonable specificity, is unreasonably vague, and unduly burdensome. The vagueness and overbreadth of this Interrogatory make it impossible for RIP to make a reasonable attempt to respond. Based on the overbreadth of this Interrogatory, the Interrogatory is not reasonably calculated to seek documents or things reasonably related to any claim or defense in this action. Due to the breadth of this Interrogatory, it unquestionably seeks information and documents subject to the attorney-client privilege and work product doctrine. Moreover, the request to "describe in detail and provide all documents" is an improper attempt to limit the evidence to RIP's response to this Interrogatory. RIP further objects that this Interrogatory is designed to uncover the mental impressions and thought processes of RIP's counsel with respect to the complaint filed with the Insurance Department of the Commonwealth of Pennsylvania. RIP also objects to the request for information and documents in the possession, custody or control of a third party that may more reasonably be obtained from them. RIP further objects that this Interrogatory is

- 5 -

unreasonably duplicative of discovery already conducted in connection with this action. RIP also objects to this interrogatory based on its use of the term "action" in connection with a complaint to the Pennsylvania Insurance Department, because a complaint made to the department does not to RIP's knowledge and understanding initiate an "action."

Subject to the foregoing Objections, and expressly reserving and without waiving same, if this Interrogatory is intended to request the relevant, non-privileged information and documents in RIP's care, custody or control with respect to the complaint filed with the Insurance Department of the Commonwealth of Pennsylvania, RIP will respond as set forth below. See documents previously produced in connection with this action, including but not limited to the complaint filed with the Insurance Department. RIP is not aware of additional relevant documents in its possession.

Mr. Tarar, on behalf of RIP, is not able to recall the precise details of every communication regarding the complaint filed with the Insurance Department, and the following response is being made to the best of Mr. Tarar's present recollection. After the passage of several months, with no progress being made by Discover on the insurance claim, in consultation with public adjuster Larry Sheldon, the decision was made to hire attorney Tim Law and also to file a complaint with the Insurance Department. Mr. Tarar does not recall whether the Insurance Department complaint was filed by Mr. Sheldon or Attorney Law. Mr. Tarar does not recall any conversations with the Insurance Department after filing the complaint, and does not recall the outcome of the complaint. By way of further response, see the documents referenced above that have already been produced in connection with this action. It is equally burdensome for RIP to derive or ascertain the answer from the same documents and therefore this should be done by Discover as the requesting party.

2.      With respect to insurance coverage for the hotel and the property from 2003 to the present, please describe in detail the underwriting process regarding Policy Nos. D188POO187, D245P00087, D245P00404 and D245P00799, and provide all documents relating to the underwriting process, including but not limited to, all information provided or received by you or someone on your behalf with respect to applying for and renewing coverage for the property and the hotel, all information provided or received by you or someone on your behalf regarding the types and amounts of coverage that you desired to obtain for the property and the hotel, all information provided to or received by you or someone on your behalf from any broker, agent or other insurance representative regarding the value of the property and the hotel, and all information that you believe to be relevant for purposes of binding or renewing coverage for the property and the hotel.

   **ANSWER:**

        In addition to the foregoing General Objections, RIP objects that this Interrogatory is overly broad, fails to request the information and documents sought with reasonable specificity, is unreasonably vague, and unduly burdensome.  The vagueness and overbreadth of this Interrogatory make it impossible for RIP to make a reasonable attempt to respond.  Based on the overbreadth of this Interrogatory, it is not reasonably calculated to seek documents or things reasonably related to any claim or defense in this action.  Moreover, the request to "describe in detail," "provide all documents" and "all information" is an improper attempt to limit the evidence to RIP's response to this Interrogatory.  RIP also objects to the request for information and documents in the possession, custody or control of a third party that may more reasonably be obtained from them.  In addition, RIP objects to the request for information that was formerly in the possession of RIP but was lost or destroyed as a result of the fire or the subsequent theft at the Quality Inn.  RIP further objects that this Interrogatory is unreasonably duplicative of

discovery already conducted in connection with this action.

Subject to the foregoing Objections, and expressly reserving and without waiving same, if this Interrogatory is intended to request the relevant, non-privileged information and documents in RIP's care, custody or control with respect to the underwriting process of the four policies listed above, RIP will respond as set forth below. See documents previously produced in connection with this action, including but not limited to the underwriting materials produced by Discover. RIP is not aware of additional relevant documents in its possession.

Mr. Tarar, on behalf of RIP, is not able to recall the precise details of every communication regarding the underwriting process of the four policies listed above, and the following response is being made to the best of Mr. Tarar's present recollection. Mr. Tarar recalls generally that he worked with an insurance agent to secure the insurance policies from Discover beginning in 2003. He does not recall the details of any communication with this agent or with Discover. Mr. Tarar recalls generally that he was required by the franchise companies, Ramada Franchise Systems, Inc./Cendant and later Choice Hotels International for Quality Inn, to obtain insurance sufficient to meet the requirements of the franchise companies. Mr. Tarar recalls generally that he would provide these requirements to his insurance agent to obtain sufficient insurance. He recalls generally that the franchise companies reviewed and approved the insurance policies before coverage was finalized. Mr. Tarar does not recall any specific information about the value of the hotel provided to Discover. By way of further response, see the documents referenced above that have already been produced in connection with this action. It is equally burdensome for RIP to derive or ascertain the answer from the same documents and therefore this should be done by Discover as the requesting party.

3.      Describe in detail, and provide all documents relating to, the events of the fire, including but not limited to, M.J. Tarar's location when you (and M. J. Tarar) learned of the fire, the actions taken by you (and M.J. Tarar), the observations by you (and M.J. Tarar) at all times relevant, the actions taken by your employees who were at the hotel at the time of the fire, the actions taken by the fire company, police and all other authorities, including the drafting and issuing of investigation reports and cause and origin reports, and all other details regarding the fire.

**<u>ANSWER:</u>**

In addition to the foregoing General Objections, RIP objects that this Interrogatory is overly broad, fails to request the information and documents sought with reasonable specificity, is unreasonably vague, and unduly burdensome.  The vagueness and overbreadth of this Interrogatory make it impossible for RIP to make a reasonable attempt to respond.  Based on the overbreadth of this Interrogatory, the Interrogatory is not reasonably calculated to seek documents or things reasonably related to any claim or defense in this action.  Moreover, the request to "[d]escribe in detail, and provide all documents relating to" is an improper attempt to limit the evidence to RIP's response to this Interrogatory.  RIP also objects to the request for information and documents in the possession, custody or control of a third party that may more reasonably be obtained from them.  RIP further objects that this Interrogatory is unreasonably duplicative of discovery already conducted in connection with this action and of questions asked during the investigation of the insurance claim.

Subject to the foregoing Objections, and expressly reserving and without waiving same, if this Interrogatory is intended to request the relevant, non-privileged information and

documents in RIP's care, custody or control with respect to the events on the day of the fire, RIP

will respond as set forth below.  See documents previously produced in connection with this

action, including but not limited to documents produced by the Pennsylvania State Police in

response to the subpoena issued by Discover.  RIP is not aware of additional relevant documents

in its possession.

Mr. Tarar, on behalf of RIP, is not able to recall the precise details of every event on the

day of the fire, and the following response is being made to the best of Mr. Tarar's present

recollection.  Mr. Tarar recalls that he and his wife dropped their children off at school on the

morning of the fire and then drove to work at the Quality Inn.  His wife, Tasneem Tarar, went to

work behind the front desk, relieving the employee on duty, Nancy Duffalo, and Mr. Tarar went

to work in the front office.  By way of further response, see the account of the fire as set forth by

Mr. Tarar to the Pennsylvania State Police as contained in the police report, which contains a

more contemporaneous recollection of the events by Mr. Tarar.  After the fire, Mr. Tarar recalls

that he was informed by a police officer that Lonnie Fluegel was the person that had set fire to

his hotel, and informed him that Mr. Fluegel had been arrested and confessed to setting the fire.

Mr. Tarar and his wife did not see Mr. Fluegel reenter the building to set the fire, and were not

aware that he was the arsonist until they were informed by the police.  Prior to the production of

the police report by the Pennsylvania State Police in response to Discover's subpoena, Mr. Tarar

does not recall ever seeing a copy of any police report, and is not able to speak to the actions of

any third parties, including the Pennsylvania State Police, and including the drafting and

issuance of any reports.

4.      Describe in detail, and provide all documents relating to, what has been done with the insurance proceeds paid as a result of the fire and provide signed copies of the appraisal awards on behalf of all parties.

**ANSWER:**

In addition to the foregoing General Objections, RIP objects that this Interrogatory is overly broad, fails to request the information and documents sought with reasonable specificity, is unreasonably vague, and unduly burdensome.  The vagueness and overbreadth of this Interrogatory make it impossible for RIP to make a reasonable attempt to respond.  Based on the overbreadth of this Interrogatory, the Interrogatory is not reasonably calculated to seek documents or things reasonably related to any claim or defense in this action.  Moreover, due to the breadth of this Interrogatory, this Interrogatory unquestionably seeks information and documents subject to the attorney-client privilege and work product doctrine.  Moreover, the request to "[d]escribe in detail, and provide all documents relating to" is an improper attempt to limit the evidence to RIP's response to this Interrogatory.  RIP further objects that this request is unreasonably duplicative of discovery already conducted in connection with this action and of questions asked during the investigation of the insurance claim, including but not limited to questions asked during the Examination Under Oath of Mr. Tarar taken by Discover's counsel on March 13, 2008.

Subject to the foregoing Objections, and expressly reserving and without waiving same, if this Interrogatory is intended to request the relevant, non-privileged information and documents in RIP's care, custody or control with respect to the insurance proceeds received to date, RIP will respond as set forth below.  See documents previously produced in connection with this lawsuit including but not limited to the EUO transcript produced at RIP00531,

- 11 -

information submitted by RIP to Discover pertaining to its business interruption claim, and signed appraisal awards. All signed appraisal awards have been previously produced; there are no awards signed by Mr. Cohen. By way of further response, see the document entitled "RIP Management Group Yearly Expenses" that was prepared by Mr. Tarar on behalf of RIP and has been produced. RIP further responds that in addition to the items listed on the "RIP Management Group Yearly Expenses," RIP made payments toward the principle due on the mortgage, in addition to the interest payments listed. See also tax documents that have been produced.

5.       Describe in detail, and provide all documents relating to, the ownership history of the property and list and describe in detail all foreclosures, liens and other financial obligations and issues relating to the property beginning with the owner prior to you through the present.

**ANSWER:**

In addition to the foregoing General Objections, RIP objects that this Interrogatory is overly broad, fails to request the information and documents sought with reasonable specificity, is unreasonably vague, and unduly burdensome. The vagueness and overbreadth of this Interrogatory make it impossible for RIP to make a reasonable attempt to respond. Based on the overbreadth of this Interrogatory, the Interrogatory is not reasonably calculated to seek documents or things reasonably related to any claim or defense in this action. Moreover, due to the breadth of this Interrogatory, this Interrogatory unquestionably seeks information and documents subject to the attorney-client privilege and work product doctrine. Moreover, the request to "[d]escribe in detail, and provide all documents relating to" is an improper attempt to limit the evidence to RIP's response to this Interrogatory. RIP also objects to the request for

information and documents in the possession, custody or control of a third party that may more reasonably be obtained from them. In addition, RIP objects to the request for information that was formerly in the possession of RIP but was lost or destroyed as a result of the fire or the subsequent theft at the Quality Inn. RIP further objects that this request is unreasonably duplicative of discovery already conducted in connection with this action and of questions asked during the investigation of the insurance claim, including but not limited to questions asked during the Examination Under Oath of Mr. Tarar taken by Discover's counsel on March 13, 2008.

Subject to the foregoing Objections, and expressly reserving and without waiving same, if this Interrogatory is intended to request the relevant, non-privileged information and documents in RIP's care, custody or control with respect to the ownership history of the hotel, RIP will respond as set forth below. See documents previously produced in connection with this lawsuit including the EUO transcript produced at RIP00531 and documents produced by Choice Hotels International. Further, see documents produced including but not limited to a mortgage agreement dated November 19, 2004 and tax documents.

By way of further response, Mr. Tarar, on behalf of RIP, is not able to recall the precise details of the ownership history of the hotel and all financial obligations and issues pertaining to the hotel, and the following response is being made to the best of Mr. Tarar's present recollection. RIP purchased the hotel in 2003 from Seven Seas Corporation. Mr. Tarar recalls that the hotel was originally financed by Seven Seas. The hotel was being operated at the time as a Ramada Inn. Mr. Tarar does not recall any specific issues pertaining to liens or other issues with the property at the time of purchase and believes that any issues were resolved at the time of purchase. After RIP's franchise agreement with Ramada Franchise Systems, Inc./Cendant to

operate the hotel as a Ramada Inn ended toward the end of 2004, RIP operated the hotel under

the name Continental Hotel.  RIP signed a franchise agreement with Choice Hotels International

on or about June 15, 2005 to operate the hotel as a Quality Inn.  After sufficient upgrades and

inspections were completed, the hotel began operations as a Quality Inn on January 1, 2006.  The

hotel has been closed for business since the January 2007 fire.  Choice Hotels International later

terminated the franchise agreement when RIP was not able to rebuild due to insufficient receipt

of insurance proceeds.  Further, with respect to financing, Mr. Tarar recalls that on or about

November 19, 2004, RIP refinanced the mortgage pursuant to the document produced at

RIP05993-99.  RIP restructured the mortgage in or about 2009 at which time Dr. Ghuman's

share was transferred to Mr. Tarar's wife Tasneem Tarar.  Mr. Tarar will provide additional

document(s), if any, that are located pertaining to the 2009 restructuring of the mortgage.  The

mortgage payments are collected by Roma International Property, which is owned by Mr. Tarar

and his wife.  The hotel is owned by RIP subject to a mortgage currently held by Mrs. Tarar and

administered by Roma International.  To the best of Mr. Tarar's knowledge, there are no current

tax liens on the property.


6.      List and describe in detail, and provide all documents relating to, all businesses or any

other ventures that you, M.J. Tarar and any of his family members have been or currently are

affiliated with in any way from 2003 to the present.

**ANSWER:**

In addition to the foregoing General Objections, RIP objects that this Interrogatory is

overly broad, fails to request the information and documents sought with reasonable specificity,

is unreasonably vague, and unduly burdensome. The vagueness and overbreadth of this Interrogatory make it impossible for RIP to make a reasonable attempt to respond. Based on the overbreadth of this Interrogatory, the Interrogatory is not reasonably calculated to seek documents or things reasonably related to any claim or defense in this action. In particular, information regarding individuals, including the requests for information regarding Mr. Tarar's business and financial interests outside RIP and those of his family members, are not relevant to any claim or defense relative to RIP, which is a corporate entity. By responding, as is done below, neither RIP nor Mr. Tarar or his family members concede the relevance or admissibility of any information relating to the personal interests of Mr. Tarar or his family members. Moreover, due to the breadth of this Interrogatory, this Interrogatory unquestionably seeks information and documents subject to the attorney-client privilege and work product doctrine. Moreover, the request to "[l]ist and describe in detail, and provide all documents" is an improper attempt to limit the evidence to RIP's response to this Interrogatory. RIP also objects to the request for information and documents in the possession, custody or control of a third party that may more reasonably be obtained from them. In addition, RIP objects to the request for information that was formerly in the possession of RIP but was lost or destroyed as a result of the fire or the subsequent theft at the Quality Inn. RIP further objects that this request is unreasonably duplicative of discovery already conducted in connection with this action and questions asked during the investigation of the insurance claim, including but not limited to questions asked during the Examination Under Oath of Mr. Tarar taken by Discover's counsel on March 13, 2008. Beyond that, RIP is not able to reasonably ascertain what documents Discover is seeking.

Subject to the foregoing Objections, and expressly reserving and without waiving same,

if this Interrogatory is intended to request the relevant, non-privileged information and documents in RIP's care, custody or control with respect to the ownership of RIP or Mr. Tarar of any business venture, RIP will respond as set forth below. See documents previously produced in connection with this lawsuit including but not limited to the EUO transcript produced at RIP00531.

See RIP's Answer to Interrogatory Number 5 above, which is incorporated herein as if restated in full. By way of further response, Mr. Tarar, on behalf of RIP, is not able to recall the precise details of his ownership of all business ventures since 2003, and this response is being made to the best of Mr. Tarar's present recollection. In 2003, and dating before that time, Mr. Tarar owned a convenience store and gas station named Runway Express in Ballston Spa, New York, through a company owned solely by Mr. Tarar named Nisha-9, Inc. Following Nisha-9's purchase of the convenience store and gas station in 1993, and up until 2003, the gas station was franchised with Exxon Mobil. After this time the gas station became independently run by Mr. Tarar's company. Mr. Tarar still owns and operates this business. In 1998, Mr. Tarar purchased a gas station and convenience store that was later sold in 2003. In 2008, Mr. Tarar purchased a gas station and convenience store, also named Runway Express, in Rotterdam, New York. This company is also owned by Nisha-9, Inc. and is still presently operated by Mr. Tarar. In 2009, Mr. Tarar purchased a second hotel that he named Spring Hills Roadway Inn, located in Lake George, New York. This hotel is owned by Mr. Tarar's company Spring Hills PMC. Mr. Tarar, along with his wife, also owns the mortgage collection company Roma International Property, which collects the mortgages for the Quality Inn and the hotel in Lake George, New York. By way of further response, Discover's request for documents is so broad, burdensome and unspecified that RIP is unable to ascertain what documents Discover is seeking.

- 16 -

7.    List and describe in detail, and provide all documents relating to, the attempts made by or on behalf of you and M.J. Tarar to obtain financial assistance from any person, bank or other financial or business institution in an effort to begin repairing the hotel following the fire.

**ANSWER:**

In addition to the foregoing General Objections, RIP objects that this Interrogatory is overly broad, fails to request the information and documents sought with reasonable specificity, is unreasonably vague, and unduly burdensome.  The vagueness and overbreadth of this Interrogatory make it impossible for RIP to make a reasonable attempt to respond.  Based on the overbreadth of this Interrogatory, the Interrogatory is not reasonably calculated to seek documents or things reasonably related to any claim or defense in this action.  Moreover, due to the breadth of this Interrogatory, this Interrogatory unquestionably seeks information and documents subject to the attorney-client privilege and work product doctrine.  Moreover, the request to "[l]ist and describe in detail, and provide all documents" is an improper attempt to limit the evidence to RIP's response to this Interrogatory.  RIP also objects to the request for information and documents in the possession, custody or control of a third party that may more reasonably be obtained from them.  RIP further objects that this request is unreasonably duplicative of discovery already conducted in connection with this action and questions asked during the investigation of the insurance claim, including but not limited to questions asked during the Examination Under Oath of Mr. Tarar taken by Discover's counsel on March 13, 2008.

Subject to the foregoing Objections, and expressly reserving and without waiving same, if this Interrogatory is intended to request the relevant, non-privileged information and documents in RIP's care, custody or control with respect to RIP's attempts to obtain financial assistance from entities beyond Discover in connection with repairing the hotel, RIP will respond as set forth below. See documents previously produced in connection with this lawsuit including but not limited to the EUO transcript produced at RIP00531, loan application documents produced by RIP, other documents produced by RIP pertaining to Choice Hotels, and documents produced by Choice Hotels International.

By way of further response, Mr. Tarar, on behalf of RIP, is not able to recall the precise details of RIP's attempts to obtain financial assistance from entities beyond Discover in connection with repairing the hotel, and this response is being made to the best of Mr. Tarar's present recollection. Following Discover's failure to issue sufficient partial payment to RIP, together with assurances of timely payment of the remaining insurance proceeds, for it to begin to repair the Quality Inn, RIP contacted Temecula Valley Bank in approximately November 2007 to request a loan. RIP sought the loan in an effort to afford to make sufficient repairs to the Quality Inn to allow RIP to partially open the hotel pending the receipt of insurance proceeds due from Discover to repair the entire Quality Inn to its pre-fire condition. Mr. Tarar recalls generally that he also contacted other financial institutions to secure a loan but they were not willing to initiate the application process. During the time period that Mr. Tarar was exploring the possibility of partially opening the hotel, he reached out to Choice Hotels International and also the local municipal authority for inspections and authorization to move forward with the partial operation if the loan was approved. When Choice Hotels International and the local municipal authority declined to authorize Mr. Tarar to partially operate the hotel, Mr. Tarar

- 18 -

ceased pursuing a loan. By way of further response, see the documents referenced above that have been produced in connection with this action. It is equally burdensome for RIP to derive or ascertain the answer from the same documents and therefore this should be done by Discover as the requesting party.

8.      List and describe in detail the calculations relating to each and every item listed in the Computation of Damages section of your Initial Disclosures (Numbers 1-7, 11-13) and provide all documents relating to and supporting both the calculations and the final amounts set forth therein.

   **ANSWER:**

   In addition to the foregoing General Objections, RIP objects to this Interrogatory to the extent it requires that the answer "[l]ist and describe in detail" and "provide all documents" as this is overbroad, unduly burdensome and an improper attempt to limit the evidence of RIP to its response to this Interrogatory. RIP further objects that this Interrogatory calls for the disclosure of attorney work product as RIP's damages theory reflects attorney opinions, mental impressions about the merits of the case, and analyses of counsel. By way of further response, discovery is ongoing and RIP continues to develop its damages theory. RIP will produce information and relevant documents, if any, supplementing its Computation of Damages in connection with expert discovery as required by the applicable Rules and Order(s) of Court, specifically the applicable case management order of the Court.

9.    State whether you have calculated any damages relating to (a) assessment and planning of rehabilitation of waste water treatment plant, (b) repair and rehabilitation of waste water treatment plant, and (c) establishment of new franchise (Numbers 8-10 in the Computation of Damages section of your Initial Disclosures). If yes, list and describe in detail the calculations relating to each item and provide all documents relating to and supporting both the calculations and the final amounts. If no, state why and describe if and when you intend on calculating such items.

   **ANSWER:**

   In addition to the foregoing General Objections, RIP objects that this Interrogatory calls for the disclosure of attorney work product as RIP's damages theory reflects attorney opinions, mental impressions about the merits of the case, and analyses of counsel.  By way of further response, discovery is ongoing and RIP continues to develop its damages theory.  RIP will produce information supplementing its Computation of Damages, in addition to any other damages that may be claimed, in connection with expert discovery as required by the applicable Rules and Order(s) of Court, specifically the applicable case management order of the Court.


10.    List and describe in detail all other damages that you are claiming in this lawsuit, describe in detail the calculations relating to each additional item set forth herein and provide all documents relating to and supporting both the calculations and the final amounts set forth herein.

   **ANSWER:**


   In addition to the foregoing General Objections, RIP objects that this Interrogatory calls for the disclosure of attorney work product as RIP's damages theory reflects attorney opinions,

mental impressions about the merits of the case, and analyses of counsel.  By way of further response, discovery is ongoing and RIP continues to develop its damages theory.  RIP will produce information supplementing its Computation of Damages, in addition to any other damages that may be claimed, in connection with expert discovery as required by the applicable Rules and Order(s) of Court, specifically the applicable case management order of the Court.


REED SMITH LLP


ROBERT H. OWEN
PA Bar ID No. 91406
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3850
(412) 288-3063 facsimile
kowen@reedsmith.com

DOUGLAS R. WIDIN
PA Bar ID No. 40074
JAY M. LEVIN
PA Bar ID No. 34561
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100
(215) 851-1420 facsimile
dwidin@reedsmith.com
jmlevin@reedsmith.com

Counsel for RIP Management Group Corp.

Dated:  December 10, 2012

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the foregoing

Plaintiff RIP Management Group Corp.'s Answers and Objections to Defendant Discover

Property & Casualty Insurance Company's First Set of Interrogatories this 10th day of December

2012 by electronic mail and first class mail upon the following counsel of record:

Patrick M. Connelly, Esquire
Summers McDonnell Hudock Guthrie & Skeel
Gulf Tower, Suite 2400
707 Grant Street
Pittsburgh, PA  15219
pconnelly@summersmcdonnell.com
Counsel for Frank Gates Service Co.

Henry M. Sneath, Esquire
Joseph R. Carnicella, Esquire
Picadio Sneath Miller & Norton, P.C
Four Gateway Center
444 Liberty Avenue, Suite 1105
Pittsburgh, PA  15222
hsneath@psmn.com
jcarnicella@psmn.com
Counsel for Discover Property & Casualty Ins. Co.

John B. Cromer, Esquire
Katherine M. Wrenshall, Esquire
Burns White LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
jbcromer@burnswhite.com
kmwrenshall@burnswhite.com
Counsel for Frontier Adjusters

REED SMITH LLP

By: _____
    Robert H. Owen

- 23 -