# EXHIBIT C

# Owen, Robert H.

| | |
|---|---|
| **From:** | Joseph Carnicella <jcarnicella@psmn.com> |
| **Sent:** | Thursday, January 10, 2013 2:13 PM |
| **To:** | Owen, Robert H.; Levin, Jay M.; Widin, Douglas R. |
| **Cc:** | Henry M. Sneath; Rita A. Corbin; Cromer, John B. (jbcromer@burnswhite.com); Wrenshall, Katherine M. (kmwrenshall@burnswhite.com); Pat Connelly (pconnelly@summersmcdonnell.com) |
| **Subject:** | RE: RIP v. Discover, et al. - Issues re RIP's discovery responses |

Rob –

We disagree with your position below that the corporate and financial documents relating to M.J. Tarar (individually), Nisha-9 and the other entities identified in the Answer to Interrogatory No. 6 are neither relevant nor reasonably calculated to lead to the discovery of relevant information. Throughout the adjustment of the claim and the appraisal process, Mr. Tarar and his representatives continuously claimed that RIP/Tarar lacked sufficient funds to repair the hotel and only after payments were made by or on behalf of Discover would RIP/Tarar be able to make such repairs. However, the information provided in the Answer to Interrogatory No. 6 demonstrates otherwise. In particular, since the date of the fire, Mr. Tarar (a) continues to own and operate a gas station (formerly franchised with Exxon Mobil), (b) purchased a gas station and convenience store named Runway Express, which is owned by Nisha-9 and operated by Mr. Tarar, (c) purchased a second hotel named Spring Hills Roadway Inn, which is owned by Mr. Tarar's company Spring Hills PMC, and (d) continues to own a mortgage collection company called Roma International Property.

This information suggests that the principal of RIP, Mr. Tarar, did, in fact, have sufficient funds available to him to make the repairs to the hotel if he chose to do so prior to receiving any or all of the amounts awarded in the appraisal. The documents and financial information relating to Mr. Tarar and his businesses are material not only to the claims and defenses in this matter but also to the damages being claimed by RIP. The objection to the request for these materials based on relevance is without merit given the liberal interpretation of the discovery rules. Whether RIP would be successful in precluding the use of these materials at trial is an issue for another day, but for purposes of discovery, the corporate and financial documents relating to M.J. Tarar (individually), Nisha-9 and the other entities identified in the Answer to Interrogatory No. 6 are relevant and reasonably calculated to lead to the discovery of other relevant information.

With Mr. Tarar's deposition scheduled for Friday, January 18, I request that you provide a final decision by January 11 regarding whether this information will be produced. To the extent that you maintain the objections, we will have no choice but to seek relief from the court.

I look forward to hearing from you.

Joseph R. Carnicella | PSMN
Phone: 412.288.4016
Website | Email | LinkedIn

---

**From:** Owen, Robert H. [mailto:ROwen@ReedSmith.com]
**Sent:** Tuesday, January 08, 2013 4:27 PM
**To:** Joseph Carnicella; Levin, Jay M.; Widin, Douglas R.
**Cc:** Henry M. Sneath; Rita A. Corbin; Cromer, John B. (jbcromer@burnswhite.com); Wrenshall, Katherine M. (kmwrenshall@burnswhite.com); Pat Connelly (pconnelly@summersmcdonnell.com)
**Subject:** RE: RIP v. Discover, et al. - Issues re RIP's discovery responses

1

Joe,

I wanted to go ahead and respond to the last two bullet points in your list below. First, we have discussed your request for documents pertaining to Nisha-9 and the other entities identified in our client's answer to Interrogatory 6. Please note that the information given in that answer was provided with an objection as to the relevance and discoverability of the information sought, in addition to our objection that the request was overbroad (among other objections). Although you have narrowed the scope of the request, the issue of relevance and discoverability remains. We continue to believe that the information sought in this request is not reasonably calculated to lead to the discovery of relevant information. RIP is a corporate entity, and Mr. Tarar's business interests outside of RIP are unrelated to any claim or defense at issue here. Accordingly, we will continue to stand on our objections to that request. I would be happy to revisit this issue if you can let us know your view on the potential relevance of the information sought.

With respect to your request for additional documents pertaining to damages, we don't presently have anything apart from what has already been produced. Discovery, of course, is ongoing, so if that changes, we will supplement our responses and/or production accordingly.

I believe the only other outstanding issues below pertain to Mr. Tarar's tax records and any additional documents pertaining to the 2009 mortgage. I have not yet closed the loop on that, but will do so as soon as possible.

Finally, we will follow up with you separately regarding the issues you raised with respect to privilege logs.

Best regards,
Rob


**Robert H. Owen**
rowen@reedsmith.com
412.288.3850

**Reed Smith** LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
T: +1 412 288 3131
F: +1 412 288 3063
reedsmith.com

**From:** Joseph Carnicella [mailto:jcarnicella@psmn.com]
**Sent:** Thursday, December 20, 2012 5:29 PM
**To:** Owen, Robert H.; Levin, Jay M.; Widin, Douglas R.
**Cc:** Henry M. Sneath; Rita A. Corbin; Cromer, John B. (jbcromer@burnswhite.com); Wrenshall, Katherine M. (kmwrenshall@burnswhite.com); Pat Connelly (pconnelly@summersmcdonnell.com)
**Subject:** RE: RIP v. Discover, et al. - Issues re RIP's discovery responses

Rob –

See my comments in red summarizing our conversation relating to each item listed in my prior emails. Let me know if I missed anything and/or feel free to provide additional comments.

- In addition to the list of items below, I would like to discuss whether any documents have been withheld based on the series of objections included in RIP's responses to Discover's document requests (served by RIP on October 17, 2011). See the next bullet point below.

2

- Whether the objections included in each answer are boilerplate or whether the objections impose limitations on the substantive answers provided by RIP. (You confirmed that neither your client nor your firm are shielding any documents based on the objections included as part of the responses to the interrogatories. You mentioned that additional documents are going to be produced, but aside from that supplemental production, your client has produced all documents responsive to the interrogatories and document requests.)
- Whether the use of the terms "aware" and "relevant" as part of the response "RIP is not aware of additional relevant documents in its possession," which is included in a few of the answers, limits the documents that have been or would be produced by RIP. (You confirmed that no documents are being withheld on the grounds of relevancy.)
- Whether the information provided in the answer to Interrogatory No. 4 is sufficient. (We agreed that any additional follow-up on this interrogatory could be done through the deposition of Mr. Tarar and/or through additional requests for particular documents. I will consult with John Cromer and let you know our plan.)
- Whether / when RIP will obtain and produce the 2009 mortgage documents. (You indicated that you have tax records for 2007-2009 and that those documents will be produced as soon as you are able to confirm whether you have all of the necessary pages/documents. With respect to the 2009 mortgage documents, your client is searching for such documents. Please advise whether such documents exist and when you intend on producing all of these documents so that we can plan accordingly.)
- Whether an agreement can be reached on the types of documents being requested in Interrogatory No. 6 and when RIP would produce responsive documents. (As a way to narrow down the request in this interrogatory, I requested that your client produce the following documents: (a) corporate documents (e.g. articles of incorporation) for Nisha-9, Inc.; (b) sales agreements and other transactional documents relating to each of the transactions identified in the answer (including those transactions made by Tarar individually); and (c) tax records relating to Tarar individually and relating to each entity/business identified in the answer for the time period of 2007 to the present. You indicated that you would talk with Doug/Jay about these requests and let us know your position within a few days.)
- Whether an agreement can be reached on the disclosure of additional documents regarding damages being claimed in this action. (You indicated that you would talk with Doug/Jay and let us know whether any documents exist that should be produced in fact discovery as opposed to expert discovery. As I mentioned, we want to avoid deposing Mr. Tarar more than once, and thus, we would like to receive prior to his deposition all documents that we are entitled to receive. You agreed to confirm whether we have received all such documents.)

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

\* \* \*

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.20.10.00