IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RIP MANAGEMENT GROUP CORP., | : |
| Plaintiff, | : |
| v. | : No.: 3:11-cv-00083-KRG |
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | : |
| Defendant and Third-Party Plaintiff, | : |
| v. | : |
| THE FRANK GATES SERVICE COMPANY, FRONTIER ADJUSTERS, INC. and RALPH MASON d/b/a FRONTIER ADJUSTERS d/b/a FRONTIER ADJUSTERS OF BUTLER/KITTANNING, | : |
| Third-Party Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF RIP MANAGEMENT GROUP CORP.'S MOTION FOR PROTECTIVE ORDER GOVERNING DEPOSITION OF RIP**

Plaintiff, RIP Management Group Corp. ("RIP") files this Memorandum of Law in Support of its Motion for Protective Order to preclude Discover Property & Casualty Insurance Company ("Discover") from making any inquiries at the Deposition of RIP into the business or financial activities of M.J. Tarar, any member of his family, or any businesses or ventures affiliated with Mr. Tarar, or any member of his family.

### I. FACTUAL BACKGROUND

This case involves a loss caused by a fire at a hotel owned by RIP for which Discover provided insurance coverage under a policy of first-party property insurance providing, *inter alia*, coverage for physical loss and damage and business interruption losses. RIP is a

Pennsylvania corporation. M.J. Tarar is the principal shareholder and President of RIP. RIP was the owner and operator of the Quality Inn and Conference Center in Dubois, Pennsylvania ("Dubois Quality Inn") which was governed by a franchise agreement with Choice Hotels International. On January 23, 2007, the Dubois Quality Inn suffered substantial damage as a result of a fire. The fire damaged both the building and business personal property at the hotel. As a result of the damage, Dubois Quality Inn had to close its doors to business.

In order to protect itself and the hotel against the consequences of fire, RIP purchased from Discover an insurance policy ("the Policy") that provided, among other coverages to protect the business, first-party property insurance to protect against the peril of fire. RIP renewed the Policy for the period of August 20, 2006 through August 20, 2007 and paid the required premium of $17,687.00 to Discover for that policy period. The Policy was in full force and effect on the date of the January 23, 2007 fire at the Dubois Quality Inn. RIP timely notified Discover of the fire and that it was making a claim for physical loss and damage to the building and business personal property and also for loss of business income as a result of suspension of business at the hotel resulting from the fire.

After being notified of the fire at Dubois Quality Inn, Discover had a non-delegable duty to investigate, adjust and settle the losses in good faith and in accordance with the terms and conditions of the Policy. That duty included the duty to refrain from knowingly or with reckless disregard unreasonably depriving RIP of the benefits of the Policy.

RIP retained the services of Larry Sheldon of Alex Sill and Company as its public adjuster for the purposes of interacting with Discover in the investigation, adjustment and settlement of the fire damage insurance claim at the Dubois Quality Inn. Mr. Sheldon advised

Discover on numerous occasions that RIP did not have sufficient available funds to accomplish temporary repairs and defray continuing costs at the property and on numerous occasions requested an advance payment for an amount far less than the cost of repairing the damage done to the property. Discover, despite knowing the value of the damage far exceeded the request for advance payment and despite knowing that RIP did not have available funds to effect repairs to the hotel to permit it to re-open unless partial or advance payments were received on the insurance claim, refused to make any timely advance payments. Discover finally made an advance payment, for far below what Discover would have to pay under the Policy, only *after* RIP filed a formal complaint with the Insurance Commissioner of the Commonwealth of Pennsylvania based on Discover's failure to reasonably and in good faith investigate, adjust, and settle the losses from the January 23, 2007 fire. The amounts advanced were far less than would have permitted RIP to repair or even reasonably commence repair of the damage suffered in the fire.

Because of Discover's wrongful and unreasonable delay in paying any portion of the insurance claims, RIP was without sufficient funds repair and replace the real and personal property damaged as a result of the January 23, 2007 fire and to defray the ongoing expenses of the property. As a result, RIP remained unable to open its doors to business, and Choice Hotels terminated its franchise after six months of closure as permitted pursuant to the terms of the franchise agreement. RIP demanded appraisal of the losses, but Discover unreasonably delayed that process also. RIP eventually filed this action against Discover alleging breach of contract, breach of the duty of good faith and fair dealing, and statutory bad faith. RIP seeks all consequential damages that were a foreseeable and anticipated result of Discover's wrongful and unreasonable delay in paying any portion of the insurance claim.

As one of its affirmative defenses to these claims, Discover alleges that RIP failed to mitigate its damages. To support this affirmative defense, Discover seeks to show that RIP could have mitigated its damages with the financial support of its principal shareholder and President, M.J. Tarar, Mr. Tarar's family members, or businesses and ventures affiliated with Mr. Tarar and his family members, but failed to do so.

Discover first sought information related to this contention when it served Interrogatories on RIP. Interrogatory No. 6 stated:

> 6. List and describe in detail, and provide all documents relating to, all businesses or any other ventures that you, M.J. Tarar and any of his family members have been or currently are affiliated with in any way from 2003 to the present.

*See* Discover's Interrogatories, attached hereto as Exhibit ___, at page 14. RIP, in responding to Discover's Interrogatory No. 6, objected on various grounds, including the ground that the information requested was not relevant to any claim by RIP or defense to any of its claims, but did provide, subject to those objections, certain information regarding Mr. Tarar's and his family's business interests. *See* RIP's Responses to Discover's Interrogatories, attached to RIP's Motion for Protective Order as Exhibit B, at page 14-15.[1] Discover disputed RIP's objections to Interrogatory No. 6 and, in connection with that dispute, Discover's counsel sent RIP's counsel an e-mail confirming that the information sought in Interrogatory No. 6, was directed at Discover's alleged mitigation of damages defense. *See* email from Joseph Carnicella, counsel for Discover to Robert Owen, counsel for RIP, attached to RIP's motion for Protective Order as Exhibit C.

---

[1] RIP provided the answers it did regarding Mr. Tarar's business dealings due to the potential that his business experience at managing and operating a business could be relevant to issues in this case, such as the ongoing business losses to RIP as a result of Discover's failure to timely pay the losses.

On December 20, 2012, Discover filed a Notice of Videotape Deposition of Plaintiff RIP Management Group Corp. Pursuant to Fed.R.Civ.P. 30(b)(6). In that Notice, Discover identified the following as a deposition topic:

> All facts and information relating to the corporate structure and ownership of RIP, the origin of RIP and the day-to-day operations, management and finances of RIP and all other businesses and ventures affiliated with RIP, M.J. Tarar and any of his family members.

*See* Notice, attached RIP's Motion for Protective Order as Exhibit A. The Deposition is scheduled for Friday, January 18, 2013 at 9:00 a.m. in Pittsburgh, Pennsylvania.

## II. ARGUMENT

A party is only entitled to discovery of information that is *relevant* to a party's claim or defense. Fed.R.Civ.P. 26(b). Rule of Civil Procedure 26(c) empowers the Court to grant a motion for protective order where the movant establishes good cause to protect a party from "annoyance, embarrassment, oppression, or undue burden and expense." Fed.R.Civ P. 26(c)(1). Pursuant to this rule, the Court may forbid "inquiry into certain matters." Fed.R.Civ.P. 26(c)(1)(D).

This Court should forbid inquiry into the business or financial activities of M.J. Tarar, any member of his family, and any businesses or ventures affiliated with Mr. Tarar, or any member of his family because such information is wholly irrelevant to any claim or defense raised by either party.

As one of its affirmative defenses, Discover alleges that RIP failed to mitigate its damages. It seeks to discover business and financial information relating to Mr. Tarar, his family members, and non-RIP businesses and ventures of Mr. Tarar and his family members in pursuit

of its mitigation of damages defense against RIP. This information, however, is not relevant to the mitigation of damages defense; because Mr. Tarar, his family members, and the non-RIP businesses and ventures of Mr. Tarar and his family members have no obligation whatsoever to Discover with respect to the fire losses suffered by RIP for which Discover provided insurance coverage. *See Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1520-21 (3d. Cir. 1994). They are not parties to the insurance contract and have no obligation to finance the operations of RIP. Furthermore, a non-breaching party is only expected to take *reasonable* actions to mitigate damages and obtaining money from third party sources is not a reasonable action an injured insured should be expected to take. *See Koppers Co., Inc. v. Aetna Cas. and Sur. Co.*, 98 F.3d 1440, 1448 (3d Cir. 1996).

It is well-established in Pennsylvania, and in nearly every other jurisdiction, that "a corporation is a distinct and separate entity, irrespective of the persons who own all its stock." *Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 348 (3d Cir. 2001) (citing *Barium Steel Corp. v. Wiley*, 108 A.2d 336, 341 (Pa. 1954) and *In re Erie Drug Co.*, 204 A.2d 256, 257 (Pa. 1964)); *see also In re Cornmesser's, Inc.*, 264 B.R. 159, 163 (W.D. Pa. Bkrtcy. 2001). "There is also a "distinction between the property of a corporation and that of others." *R.F. Lafferty*, 267 F.3d at 348. A shareholder, even a sole or principal shareholder, is not personally liable to perform corporate obligations. *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1520-21 (3d Cir. 1994); *see also Cardiovention, Inc. v. Medtronic, Inc.*, 483 F. Supp. 2d 830, 836 (D. Minn. 2007) (noting that corporation's "shareholders had no duty to invest additional funds in [corporation] to mitigate damages..."). The same is true of other individuals or businesses affiliated with the corporate entity. Courts routinely enforce these corporate distinctions in the context of insurance coverage. *See, e.g., Gordon Chemical*

*Co. v. Aetna Cas. & Sur. Co.*, 266 N.E.2d 653, 657 (Mass. 1971) (rejecting insurers argument that three related corporations should be treated as one for the purposes of determining business interruption loss because they were as a matter of law separate and distinct legal entities when the policy was entered into, when the fire causing the loss occurred, and all times thereafter); *Unijax, Inc. v. Factory Ins. Ass'n*, 328 So.2d 448, 456 (Fla. App. Ct. 1976) (finding that parent corporation that did not suffer property damage could not recover under insurance policy for losses suffered by its subsidiaries because each was a distinct corporate entity).

Here, RIP is a corporation and M.J. Tarar is the principal shareholder and President of RIP. Mr. Tarar and members of his family are, in fact, engaged in and affiliated with other business and ventures. Mr. Tarar, members of his family, and each of these businesses and ventures, however, are each a separate and distinct legal entity from RIP. The property of each individual and business or venture is also separate and distinct from property of RIP. Mr. Tarar, members of his family, and any business or venture affiliated with Mr. Tarar or members of his family, therefore, have no personal liability to perform any of RIP's corporate obligations.

While RIP may have a duty to mitigate damages, any such duty is owed *solely* by RIP. The insurance policy issued by Discover is a contract between RIP and Discover only. Mr. Tarar, members of his family, and any business or venture affiliated with Mr. Tarar or members of his family have no contractual relationship whatsoever with Discover. Accordingly, and in line with the principles of corporate identity as defined above, they have no obligation whatsoever to assist in mitigating damages by providing financial support to RIP. Thus, the business or financial information of "all other businesses and ventures affiliated with RIP, M.J. Tarar and any of his family members" is not relevant to Discover's affirmative defense that RIP

allegedly failed to mitigate damages. Furthermore, the assets of these entities are not assets that should be deemed available to RIP to use for purposes of its mitigation of damages.

Furthermore, any obligation of RIP to mitigate damages is not absolute. Failure to mitigate damages, as an affirmative defense, must be proved by the breaching party. *Koppers Co., Inc. v. Aetna Cas. and Sur. Co.*, 98 F.3d 1440, 1448 (3d Cir. 1996) (citing *Williams v. Masters, Mates and Pilots of Am.*, 384 Pa. 413, 120 A.2d 896, 901 (1956); *Ecksel v. Orleans Constr. Co.*, 519 A.2d 1021, 1028 (Pa. Super. Ct. 1987)). To prove a failure to mitigate damages, the defendant must show: "(1) what *reasonable* actions the plaintiff ought to have taken, (2) that those actions would have reduced the damages, and (3) the amount by which the damages would have been reduced." *Id.* (emphasis added). Pursuant to this standard, an injured, non-breaching party need only take *reasonable* actions under the circumstances in attempting to mitigate damages. *Id.; see also Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 259 (3d Cir. 2008) ("Reasonableness is to be determined from all the facts and circumstances of each case, and must be judged in the light of viewing the situation at the time the problem was presented."). Moreover, "an injured party is not obligated to mitigate damages when both he and the liable party had an equal opportunity to do so."). *Ecksel v. Orleans Const. Co.*, 519 A.2d 1021, 1028 (Pa. Super. Ct. 1987); *see also Fiat Motors of North Am. v. Mellon Bank, N.A.*, 827 F.2d 924, 931 (3d Cir. 1987) (finding that "both parties could have protected themselves more prudently," but the plaintiff could "not be charged with a duty to mitigate since [the defendant] could have mitigated any damages itself").

Here, Discover is seeking to show that RIP should have obtained financial support from its principal shareholder, Mr. Tarar, Mr. Tarar's family members, and businesses or ventures affiliated with Mr. Tarar or his family members to assist in mitigating damages. An insured

corporation, however, has no obligation to borrow money from third party sources to mitigate damages accruing from an insurer's failure to pay policy proceeds on a timely basis. Borrowing money from third parties to mitigate damage is not a *reasonable* action that RIP could have taken. Moreover, discovery into the financial resources of third parties is not reasonable or relevant to a claim of failure to mitigate damages when those parties have no obligation to financially support the injured party. Allowing this discovery would allow discovery in this action to devolve into tangential inquiries into the assets and affairs of third parties having no relation to the losses. Furthermore, RIP is not obligated to mitigate damages by obtaining financial support from third party sources because Discover, having an equal opportunity to mitigate damages by making advance payments, should have done so.

### III.   CONCLUSION

Based on the foregoing and pursuant to Federal Rule of Civil Procedure 26(c)(1), RIP requests entry of a Protective Order prohibiting Defendants from making any inquiries at the Deposition of RIP into the business or financial activities of Mr. Tarar, any member of his family, or any businesses or ventures affiliated with Mr. Tarar, or any member of his family.

Dated:  January 11, 2013                    Respectfully submitted:

REED SMITH LLP
*/s/ Robert H. Owen*
Robert H. Owen
225 Fifth Avenue
Pittsburgh, PA  15212
(412) 288-3131
rowen@reedsmith.com

Douglas R. Widin
Jay M. Levin
2500 One Liberty Place

1650 Market Street
Philadelphia, PA 19103
(215) 851-8100
dwidin@reedsmith.com
jmlevin@reedsmith.com

*Counsel for Plaintiff RIP Management Group Corp.*