UNITED STATES DISTRICT COURT (JOHNSTOWN)
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RIP MANAGEMENT GROUP<br><br>Plaintiff,<br><br>v.<br><br>DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Defendant and Third Party Plaintiff,<br><br>v.<br><br>THE FRANK GATES SERVICE CO. and FRONTIER ADJUSTERS, INC., and RALPH MASON d/b/a FRONTIER ADJUSTERS OF BUTLER/KITTANING<br><br>Third Party Defendants. | Civil Division<br><br>No. 3:11-cv-83<br><br>**JURY TRIAL DEMANDED** |

### FRANK GATES' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND BRIEF IN SUPPORT

AND NOW, comes the Third Party Defendant, The Frank Gates Service Company, by and through its counsel, Summers, McDonnell, Hudock, Guthrie & Skeel, P.C. and Patrick M. Connelly, Esquire and files the following Response to Plaintiff's Motion to Compel and Brief in Support, and in support thereof and avers as follows:

#### FACTUAL BACKGROUND

This action initially arises out of a fire to a hotel that was owned by the Plaintiff. The Plaintiff initiated the instant action against its insurer, Discover Property and Casualty Insurance Company, for its handling of the insurance claim arising out of the incident. Discover eventually filed a Third Party Complaint against Frank Gates and

Frontier Adjusters, the third party administrator and adjusters that handled much of the actual adjustment of the underlying claim. The instant Motion to Compel involves c contention Interrogatories and Request for Production of Documents that were served by the Plaintiff on Frank Gates, after the joinder of Frank Gates by Discover. Since the Motion to Compel was filed, Frank Gates has provided Answers to the discovery that was the subject matter of the Motion to Compel, and Frank Gates requests that the Honorable Court deny the Motion to Compel as moot. (See: Objections and Answers to Interrogatories and Objections and Responses to Request for Production of Documents attached hereto as Exhibit "A".)

## ARGUMENT

During the course of this litigation, it is estimated that 30,000 documents have been exchanged in discovery, including in excess of 4,400 documents from Frank Gates. In addition, numerous depositions have taken place, including a representative of Frank Gates, who sat for a six hour deposition. That being said, discovery remains ongoing, with the parties actively engaged in negotiation regarding the production of various documents, as well as the scheduling of numerous depositions that remain outstanding. In fact, this Court recently entered an Order extending discovery in this matter through June of 2013. Clearly, discovery remains active and ongoing, and the Plaintiff has not been prejudiced by the Third Party Defendant's failure to timely provide the discovery responses that are the subject matter of this Motion.

The Order that the Plaintiff is asking the Court to enter compels production of the discovery responses within seven days. As indicated, the discovery responses have been provided, and therefore that portion of the Order is moot. In addition, Plaintiff asks the Court to Order that Frank Gates has "waived any and all objections to Plaintiff's discovery requests". However, such a drastic remedy is not warranted. The only objections made by Frank Gates were the general standard introductory objections (see Exhibit "A") as well as F.R.C.P. Rule 33(a)(2) objections, as the Interrogatories are in the form of contention Interrogatories, and discovery remains ongoing.

In its discovery requests, the Plaintiff seeks supporting evidence and documentation regarding averments made in the Third Party Defendants Affirmative Defenses and/or Cross-Claim. Interrogatories that "ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts" are referred to as "contention interrogatories". Susquehanna Commercial Finance, Inc. v. Vascular Resources, 2010 U.S. Dist. LEXIS 127125. In Susquehanna Commercial, the Court recognized that a party filing contention interrogatories early in the pre-trial period, before discovery has been completed, must present "specific plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure..." Id., citing Fisher & Port Company v. Tolson, 143 F.R.D. 93(ED Pa 1992). Although Plaintiff has not done so in this case, Frank Gates has answered the contention Interrogatories and responded to the Request for Production of Documents, albeit with objections as allowed by F.R.C.P. 33(a)(2).

Because the discovery has now been answered, the best course of action is for the parties to commence the Meet and Confer process, in an effort to resolve any outstanding issues, without the further intervention of the Court.

WHEREFORE, it is respectfully requested that this Honorable Court deny Plaintiff's Motion to Compel. In the alternative, the Third Party Defendant requests Oral Argument on Plaintiff's Motion to Compel.

Respectfully submitted,

SUMMERS, MCDONNELL, HUDOCK,
   GUTHRIE & SKEEL, P.C.

BY:_____
Patrick M. Connelly, Esquire
Pa. I.D. #72771
Attorneys for Third Party Defendant,
The Frank Gates Service Co.
pconnelly@summersmcdonnell.com

18705

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *within* **FRANK GATES' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND BRIEF IN SUPPORT,** was served upon counsel of record by mailing the same via first class mail, postage pre-paid, this ___/___ day of February, 2013, addressed as follows:

Douglas R. Widin, Esquire
Jay M. Levin, Esquire
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
dwidin@reedsmith.com
jmlevin@reedsmith.com
(Counsel Plaintiff)

Kathleen M. K. Owen, Esquire
Reed Smith, LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
kowen@reedsmith.com
(Counsel for Plaintiff)

Henry M. Sneath, Esquire
Joseph R. Carnicella, Esquire
1105 Four Gateway Center
444 Liberty Avenue
Pittsburgh, PA 15222
hsneath@psmn.com
jcarnicella@psmn.com
(Counsel for Discover Property & Casualty Ins. Co.)

John B. Cromer, Esquire
Burns White
106 Isabella Street
Four Northhore Center
Pittsburgh, PA 15212
jbcromer@burnswhite.com

SUMMERS, MCDONNELL, HUDOCK, GUTHRIE & SKEEL, P.C.

BY: _____
Patrick M. Connelly, Esquire
Pa. I.D. #72771
Attorneys for Third Party Defendant,
The Frank Gates Service Co.
pconnelly@summersmcdonnell.com

18705

UNITED STATES DISTRICT COURT (JOHNSTOWN)
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RIP MANAGEMENT GROUP | ) | Civil Division |
| Plaintiff, | ) | |
| v. | ) | No. 3:11-cv-83 |
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | ) | |
| Defendant and Third Party Plaintiff, | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| THE FRANK GATES SERVICE CO. and FRONTIER ADJUSTERS, INC., and RALPH MASON d/b/a FRONTIER ADJUSTERS OF BUTLER/KITTANING | ) | |
| Third Party Defendants. | ) | |

## ORDER

AND NOW, to-wit this _____ day of _____, 2013, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Compel is denied. As Answers to Interrogatories and Responses to Request for Production of Documents have now been provided, the parties are to proceed under the normal Meet and Confer Process.

In the alternative, Oral Argument is scheduled for the ____ day of _____, 2013.

_____/J.